UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL NO.
9 PAINTING INDUSTRY INSURANCE FUND;
TRUSTEES OF THE DISTRICT COUNCIL NO.
9 PAINTING INDUSTRY ANNUITY FUND;
and DISTRICT COUNCIL NO. 9
INTERNATIONAL UNION OF PAINTERS
AND ALLIED TRADES, A.F.L.-C.I.O.,

                Petitioners,

                - against -

CHOICE OF COLORS, INC.,

                Respondent.

**ORDER**

21 Civ. 8971 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

       Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Annuity Fund (together, the "Trustees"), and the District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (the "Union) (collectively, "Petitioners"), filed this petition (the "Petition") seeking to confirm an arbitration award that they obtained against Choice of Colors, Inc. ("Respondent") pursuant to a collective bargaining agreement and Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185.  (Pet. (Dkt. No. 1))  Petitioners have moved for summary judgment, asking this Court to confirm the arbitration award.  (Motion (Dkt. No. 8))  Although the Petition and the motion for summary judgment were served on Respondent (see Dkt. Nos. 7, 12), Respondent has not opposed the Petition or otherwise appeared in this action.

       For the reasons stated below, the Petition will be granted, and the arbitration award will be confirmed.

## BACKGROUND

The District Council No. 9 Painting Industry Insurance Fund and District Council No. 9 Annuity Fund (the "Funds") are multi-employer labor management trust funds that are established and maintained pursuant to the Union's collective bargaining agreements. (Pet. (Dkt. No. 1) ¶ 3) The Trustees are fiduciaries of these Funds. (Id.) Respondent, a New York corporation, is an employer under the LMRA. (Id. ¶ 4)

At all relevant times, Respondent – as a member of the Association of Master Painters and Decorators of New York, Inc. – was a party to a collective bargaining agreement (the "CBA") with the Union. (Id. ¶ 5; see Kugielska Decl., Ex. B ("CBA") (Dkt. No. 2-2) at 93-95)[1] As a party to the CBA, Respondent is obligated to submit weekly remittance reports to the Funds, "setting forth the name of each journeyperson and apprentice employed by [Respondent], the prior work week, the number of hours of work credited, and the fringe benefit contribution voucher issued to each journeyperson and apprentice." (See CBA (Dkt. No. 2-2) at 43, Art. XX, § 4(a)(iv) (capitalization omitted)) Pursuant to Article XIII, Section 11, Violation 8, failure to submit remittance reports can result in a fine of "not less than" $1,000 for each missing report. (Id. at 33, 35, 88)

The CBA also provides that any disputes arising out of the CBA are to be submitted to final, binding arbitration before the Joint Trade Committee or the Joint Trade Board. (Id. at 29-31, 85, Art. XIII, §§ 3, 5)

In a June 7, 2021 letter, the Union filed a demand for arbitration (the "Demand") with the Joint Trade Committee, charging that, since in or about January 2021, Respondent had

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

2

not submitted twenty-three remittance reports.  Pursuant to Article XIII of the CBA (see id. at 30-31, Art. XIII, § 4), the Union served Respondent with the Demand.  (Pet. (Dkt. No. 1) ¶ 8; see Kugielska Decl., Ex. B ("Demand") (Dkt. No. 2-3))  In the Demand, the Union requests that the Joint Trade Committee impose a fine of $500 per missing report, for a total of $11,500. (Demand (Dkt. No. 2-3) at 3)

The Joint Trade Committee held a hearing on the Union's complaint on July 6, 2021.  (Pet. (Dkt. No. 1) ¶ 9)  Respondent did not appear at the hearing.  (Kugielska Decl., Ex. A ("Award") (Dkt. No. 2-1) at 2-3 (listing individuals in attendance))

On July 23, 2021, the Joint Trade Committee issued an award (the "Award") of $11,500 against Respondent, and directed Respondent to pay that amount within 10 days.  (Pet. (Dkt. No. 1) ¶¶ 9, 12; Award (Dkt. No. 2-1) at 3)  By letter dated July 23, the Union notified Respondent of the Award, and warned Respondent that failure to timely pay the Award could subject Respondent to additional fees for interest, costs, and attorneys' fees.  (See Kugielska Decl., Ex. D ("Cover Letter") (Dkt. No. 2-4))

On August 2, 2021 – following Respondent's failure to comply with the Award – the Union served Respondent with a demand letter.  (Pet. (Dkt. No. 1) ¶ 13; Kugielska Decl., Ex. E (Dkt. No. 2-5))

On November 2, 2021,[2] Petitioners filed the instant petition to confirm the arbitration award.  (Pet. (Dkt. No. 1))  In addition to seeking confirmation of the arbitration award, Petitioners seek an award of attorneys' fees and costs incurred in filing the instant action.

---

[2]  The Petition is dated October 25, 2021 (see Pet. (Dkt. No. 1) at 5), but was not filed on the docket until November 2, 2021.

3

(Pet. Br. (Dkt. No. 1-1) at 5-6)  On December 14, 2021, Petitioners moved for summary judgment.  (Dkt. No. 8)

As noted above, Respondent has not appeared in this action or responded to the Petition or motion for summary judgment in any fashion.

### DISCUSSION

I. APPLICABLE LAW

"It is well established that courts must grant an [arbitrator's] decision great deference."  Defuerco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003).  Accordingly, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'"  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)).  "Only a 'barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award."  Id. (quoting Landy Michaels Realty Corp. v. Local 32B-32J Service Employees Int'l Union, 952 F.2d 794, 797 (2d Cir. 1992)).

A petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment."  Id. at 109.  Where the non-movant has not responded to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  Id. at 109-10 (citation omitted).  Even unopposed petitions to confirm arbitration awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law."  Id. at 110 (quotation marks and citation omitted).

## II. ANALYSIS

Here, Petitioners have demonstrated that there is no genuine issue of material fact that precludes confirmation of the Award. The Award states that the Joint Trade Committee "deliberated and found [Respondent] guilty for failure to submit remittance reports, in violation of Article XX and Article XIII Section 11 Violation 8." (Award (Dkt. No. 2-1) at 3) Having made such a finding, the Joint Trade Committee imposed $11,500 in fines for the missing remittance reports. (Id.)

This Court concludes that the Award was within the powers granted to the Joint Trade Committee under the CBA, which states that the Joint Trade Committee and the Joint Trade Board are "empowered to hear and decide in arbitration . . . all grievances and disputes which arise between the Parties as to the interpretation or application of this Trade Agreement and to make such awards or assess remedies, damages, and penalties for violations of this Trade Agreement." (CBA (Dkt. No. 2-2) at 29, 85, Art. XIII, § 3(a))

"Courts are authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations that the decision rests on factual errors or misinterprets the parties' agreements." N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercome & Constr., Inc., No. 11 Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (quoting Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (quotation marks omitted). Here, of course, Respondent has made no such allegation.

A court "may vacate an arbitration award in four specific situations":

"(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . . ; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the

5

arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

In re Arbitration Between Sec. Nat. Ins. Co. and AequiCap Program Adm'rs, 785 F. Supp. 2d 411, 417 (S.D.N.Y. Apr. 29, 2011) (quoting 9 U.S.C. § 10(a)).  Here, there is no evidence that the Joint Trade Committee's decision was unlawful, arbitrary, or in excess of its powers.  Accordingly, Petitioners' motion for summary judgment will be granted, and the arbitration award will be confirmed.

### III.     COSTS AND ATTORNEYS' FEES

In their supporting brief attached to the Petition, Petitioners state that they are "entitled to payment of . . . attorneys' fees and costs incurred in bringing this petition."  (Pet. Br. (Dkt. No. 1-1) at 5-6)  However, Petitioners' papers do not state the amount requested or provide any supporting documentation.

Accordingly, Petitioners' request for an award of attorneys' fees will be denied without prejudice.

### CONCLUSION

For the reasons stated above, Petitioners' motion for summary judgment is granted, and the arbitration award is confirmed.  Petitioners' request for an award of attorneys' fees and costs is denied without prejudice.  Any application for an award of attorneys' fees and costs is to be submitted by September 28, 2022, and will be supported by appropriate

documentation. The Clerk of Court is directed to terminate the motions at Docket Numbers 1 and 8.

Dated: New York, New York
       September 21, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

7